# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-573 |
| | § | C.A. No. C-08-191 |
| JOSE ANTONIO LARA-GARCIA, | § | |
|     Defendant/Movant. | § | |

## ORDER TO EXPAND RECORD

Pending before the Court is Jose Antonio Lara-Garcia's ("Lara-Garcia" or "Movant") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (D.E. 27.)[1] The Court ordered the government to respond (D.E. 29), and subsequently granted the United States' motion for extension of time to file its response. (D.E. 30, 31.) On October 23, 2008, the day before its response was due, the United States filed a motion titled as a "Motion for Order Directing Movant to Submit A Supplemental Statement and Motion to Expand the Record." (D.E. 35.) In it, the government correctly notes that one of Lara-Garcia's grounds for relief is that he requested that his court-appointed counsel, Edward Garza, file an appeal and that Mr. Garza failed to do so. (D.E. 27 at 4, 5.)

Lara-Garcia's motion contains little detail in support of this claim. He merely states that "counsel failed to file notice of appeal as it was requested by the defendant" and that "counsel failed to file notice of appeal to raise non-frivolous issues e.g. fast track and any other mitigating issues [sic]." (D.E. 27 at 4, 5.) Due to this lack of detail, the government

---

[1] Docket entry references are to the criminal case, Cr. No. C-07-573.

asks that the Court order Movant to provide additional information.  The Court GRANTS the government's motion (D.E. 36).   Cf. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

Accordingly, Movant is hereby ORDERED to submit a supplemental statement signed under penalty of perjury[2] that more specifically describes and clarifies the factual basis for his claim that he instructed his attorney to appeal.  See RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 7(a)-(b) ("the judge may direct the parties to expand the record by submitting additional materials relating to the motion," including requiring answers "under oath to written interrogatories propounded by the judge.").

In his statement, Movant shall describe the specific circumstances surrounding any such request, including the date, time, place, method of communication (in person, by phone or by mail), as well as the words spoken by Movant and his counsel.  In particular, the statement shall answer the following questions:

1. On what date and at what time did you instruct your counsel to file an appeal on your behalf?

2. Was your request to appeal made in person, over the telephone, or in writing?

3. If the request was made in writing, please provide a copy of the request.  If you do not have a copy of the request, please state with as much detail as possible,

---

[2] The statement may be made under oath by including the following language: "I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct." The Court advises Movant that any false statement made under oath could subject him to prosecution for perjury or false statement.

   what exact words you used to request that your attorney file an appeal. Also describe what response, if any, your received from your attorney.

4. If the request was made in person or over the telephone, please answer the following:

  A. Where were you when you made that request? (Please be specific. For example, do not state "at the courthouse," but identify where within the courthouse you and your attorney were.)

  B. Who was present when you made that request?

  C. Who, other than your attorney and you, heard you make that request?

  D. What words did you use when you requested that your counsel appeal? (Please be specific. If you told your counsel why you wanted to appeal or what you thought your grounds for appeal were, include that information, as well.)

  E. What was said by your counsel in response?

  F. What else was said during this conversation?

5. Did you contact your counsel at any point after your request to see if he or she had filed an appeal?

6. Did you ever inquire with the Fifth Circuit to see if your appeal had been filed as you requested?

**Movant shall submit the sworn statement containing responses to the above questions not later than thirty days after entry of this Order.** The government's response to Movant's § 2255 motion, including his supplemental statement, is due not later than 30 days after Movant's statement is filed.

**Movant is further advised that his failure to timely provide the supplemental statement required by this Order may result in a dismissal of his case for failure to prosecute.**

It is so ORDERED this 30th day of October, 2008.

_____
Janis Graham Jack
United States District Judge