**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-573 |
| | § | C.A. No. C-08-191 |
| JOSE ANTONIO LARA-GARCIA, | § | |
| Defendant/Movant. | § | |

## ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL

Pending before the Court is Jose Antonio Lara-Garcia's ("Lara-Garcia") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 27.)[1]  The United States filed a motion to clarify, in which it requested that the Court require Lara-Garcia to provide additional factual information regarding his claim that counsel failed to appeal as directed.  (D.E. 35.)  The Court granted the motion to clarify and ordered Lara-Garcia to expand the record by providing answers to specific questions.  (D.E. 37.)  On November 7, 2008, Lara-Garcia filed his supplemental statement.  (D.E. 38.)

On December 23, 2008, the government filed its response. (D.E. 39.)  In it, the United States indicates that Lara-Garcia's former counsel, Edward Garza, told the United States that Lara-Garcia never requested that he file an appeal, but has not provided an affidavit to that effect.  (D.E. 39 at 3.)  The United States acknowledges that an evidentiary hearing is required to resolve Lara-Garcia's claim that his counsel was ineffective for failing to appeal when requested to do so.  (D.E. 39 at 3 ("the government joins Lara's request for an evidentiary hearing to determine whether his right to effective assistance of counsel was abrogated by Edward Garza's failure to file an appeal on his

---

[1]  Docket entry references are to the criminal case, CR. No. C-07-573.

1

behalf").)

For the reasons set forth below, the Court withholds ruling at this time on the third ground for relief in Lara-Garcia's motion.  As to his first and second grounds, the Court orders an evidentiary hearing.  If, at the conclusion of the hearing, the Court denies Lara-Garcia's claim regarding counsel's alleged failure to appeal, it will address his remaining ground for relief at that time.

## I.  JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2007, Lara-Garcia was charged in a single-count indictment with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8.) On November 20, 2007, Lara-Garcia pleaded guilty pursuant to a written plea agreement.  (D.E. 16, 17.)  Pursuant to this Court's Order, the probation department prepared a  Presentence Investigation Report ("PSR").  (D.E. 18, 19.)

On February 7, 2008, the Court sentenced Lara-Garcia to 46 months in the custody of the Bureau of Prisons, to be followed by three years of supervised release, and also imposed a $100 special assessment. (D.E. 23, 24.)  Judgment was entered on February 14, 2008.  (D.E. 24.)  Lara-Garcia did not appeal.  Lara-Garcia's § 2255 motion was received by the Clerk on June 9, 2008. (D.E. 27.) It is timely.

## III.  MOVANT'S ALLEGATIONS

Lara-Garcia's § 2255 motion contains three grounds for relief.  In the first ground, Lara-Garcia claims that he asked his attorney to appeal, but that his attorney failed to do so.  (D.E. 27 at

4.)  He has provided additional factual information in support of this claim in his supplement.  (See D.E. 38.)  His second claim is related.  Specifically, he asserts that counsel was ineffective because he failed to appeal "to raise non-frivolous issue" such as "fast track and any other mitigating issues." (D.E. 27 at 5.)  Lara-Garcia's third claim argues that his counsel was constitutionally ineffective at sentencing because he failed underestimated defendant's sentencing exposure and was unfamiliar with the sentencing guidelines.   In particular, Lara-Garcia alleges that counsel promised the defendant a shorter sentence if he pled guilty, and promised that he would serve a "very short period of time" or no time at all in prison, but that he would be placed in a community correction center or half-way house.  (D.E. 27 at 6.)  In his supplemental statement, Lara-Garcia avers that counsel had told him before sentencing to expect a sentence of 33 months.  (D.E. 38 at 1.)

## IV.  ANALYSIS

In evaluating Lara-Garcia's claim that his counsel failed to appeal, the Court is guided by the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000), which held that  "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477.  "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484.  Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied.  Rodriguez v. United States, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, the Court concludes that Lara-Garcia is entitled to an evidentiary hearing to determine whether or not he told Mr. Garza to appeal and, if not,

whether Mr. Garza consulted with him concerning his appellate rights.  Currently, the Court does not have any conflicting evidence before it on this point, since Mr. Garza has not provided an affidavit.  Additionally, the United States has expressly "joined" in the request for an evidentiary hearing.   Thus, the Court will hold a hearing to assess the credibility of the parties on this issue only.  See RULES GOVERNING SECTION 2255 PROCEEDINGS 8.

As to the other ground for  relief raised in Lara-Garcia's motion, it is unnecessary for the Court to address it at this time.  If the Court rules in Lara-Garcia's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal).  If that occurs, it will be unnecessary to address Lara-Garcia's remaining claim, particularly because that alleges errors at sentencing, which possibly could be corrected on appeal.  See Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).

On the other hand, if at the conclusion of the hearing, the Court denies Lara-Garcia's ineffective assistance claim concerning his appeal, it will then address Lara-Garcia's remaining ground for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Lara-Garcia was denied effective assistance of counsel due to his counsel's alleged failure to appeal.  **The evidentiary hearing is set for 10:00 a.m. on Friday, February 13, 2009.**

Lara-Garcia is entitled to be represented by counsel at the hearing.  See Rules Governing Section 2255 Proceedings 8(c).  Accordingly, the Office of the Federal Public Defender is hereby appointed to represent Lara-Garcia.  The Clerk is directed to send a copy of this Order to the Office of the Federal Public Defender, as well as directly to Lara-Garcia and to counsel for the United States.

It is so ORDERED this 7th day of January, 2009.


_____
Janis Graham Jack
United States District Judge