**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-07-573 |
| § | | C.A. No. C-08-191 |
| JOSE ANTONIO LARA-GARCIA, § | | |
| Defendant/Movant. § | | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Jose Antonio Lara-Garcia's ("Lara-Garcia") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (D.E. 27.)[1] Pursuant to the Court's order, Lara-Garcia filed a supplemental statement providing additional information as to his claim that his counsel failed to appeal as directed. (D.E. 37, 38.) The United States agreed that an evidentiary hearing was required to resolve that claim (D.E. 39 at 3) and a hearing was held on April 16, 2009.

At the hearing, the Court heard testimony from both Lara-Garcia's underlying defense counsel, Edward Garza, and from Lara-Garcia himself. Both witnesses presented their version of events as to both Lara-Garcia's claim that he asked Garza to appeal and as to Lara-Garcia's claim that Garza promised him a lesser sentence than he received. Lara-Garcia was represented at the hearing by appointed counsel, Randall Barrera.

---

[1] Docket entry references are to the criminal case, CR. No. C-07-573.

For the reasons set forth on the record at the conclusion of the hearing, and for the reasons set forth in more detail herein, the Court denies Lara-Garcia's § 2255 motion. The Court also denies Lara-Garcia a Certificate of Appealability ("COA").

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  BACKGROUND

### A.    Criminal Proceedings and § 2255 Allegations

The factual and procedural background of the case are set forth in the Court's order setting the case for an evidentiary hearing, and familiarity with that Order is assumed. (See D.E. 40 at 2-3.) In summary, Lara-Garcia's pleaded guilty to the charge of illegal re-entry pursuant to a written plea agreement.[2] At sentencing, his base offense level was determined to be 8, but it was increased by 16 levels based on a prior felony alien smuggling offense. (PSR at ¶¶ 9-10.) His resulting guideline range was 46 to 57 months, and he was sentenced by this Court to the low end of the guidelines, 46 months. Lara-Garcia did not appeal.

Lara-Garcia's § 2255 motion contains three "grounds for relief," but the first two essentially raise the same claim. Thus, the Court construes his motion as asserting two claims. First, he alleges that he asked his counsel to appeal and that his counsel was constitutionally ineffective for failing to do so. Second, he contends that counsel was constitutionally ineffective at sentencing because he underestimated defendant's sentencing exposure. In particular, Lara-Garcia alleges that counsel promised the defendant a shorter sentence if he pled guilty, and promised that he would serve a

---

[2] His plea agreement did ***not*** contain a waiver of appellate rights or any waiver of his right to file a § 2255 motion.

"very short period of time" or no time at all in prison, but that he would be placed in a community correction center or half-way house. (D.E. 27 at 6.) In his supplemental statement, Lara-Garcia avers that counsel had told him before sentencing to expect a sentence of 33 months. (D.E. 38 at 1.)

**B.     Evidentiary Hearing**

On April 16, 2009, the Court held an evidentiary hearing to address Lara-Garcia's claim that his counsel failed to appeal when asked to do so. As noted, the Court heard testimony from both Lara-Garcia and Garza regarding both of Lara-Garcia's claims. As the Court stated at the conclusion of the hearing, it did not find the testimony of Lara-Garcia to be credible. On the other hand, the Court found Garza's testimony credible. Based on these credibility determinations, the Court specifically found that Lara-Garcia never asked Garza to file an appeal and that Garza never promised or estimated to Lara-Garcia that he would receive a sentence of 33 months, no more than 37 months, or a sentence of probation.

### III.  ANALYSIS

**A.     Counsel's Alleged Failure to Appeal**

When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, this Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000). That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is deficient. Flores-Ortega, 528 U.S. at 478. As noted by the Court at the conclusion of the evidentiary hearing, the Court found that Lara-Garcia was not credible, and found that Garza testified credibly. Thus, the Court found that Lara-Garcia never asked Garza to file an appeal on

his behalf.[3]  Accordingly, the fact that Garza did not file an appeal was not *per se* deficient, because the Court finds that Lara-Garcia never asked him to appeal at any point after sentencing.  See id.

The Court turns next, then, to the issue of whether Garza *consulted* with Lara-Garcia about his appellate rights.  As explained by the Supreme Court in Flores-Ortega:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . .  If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478.

Garza testified that he had a discussion with Lara-Garcia about his appellate rights and specifically told him that Lara-Garcia had only ten days to notify the Court if he wanted to appeal.  Garza instructed Lara-Garcia to call him collect or, if Lara-Garcia could not reach him within the ten-day period, to either send a letter to Garza or to the Court asking for an appeal.  Although Lara-Garcia did none of these things, the Court finds that Garza did consult with Lara-Garcia about his appellate rights.  Thus, he was not deficient.  See Flores-Ortega, supra.  For these reasons, Lara-Garcia's claim that he was denied effective assistance of counsel due to his counsel's failure to appeal is denied.

---

[3] Additionally, and contrary to his supplemental statement, in which he states that he asked counsel to appeal *after* his sentencing, Lara-Garcia testified at the hearing that he asked his counsel to appeal before sentencing, and that his counsel never met with him at the courthouse or anywhere else the day of sentencing after he had been sentenced.  Even by Lara-Garcia's own admission, then, he did not ask his counsel to appeal at any point *after* sentencing within the ten-day window for doing so.

**B.      Alleged Underestimation of Sentencing Exposure**

As to Lara-Garcia's claim that Garza either underestimated his sentence or promised him a lesser sentence, the Court notes as an initial matter that his testimony on this issue has been wildly inconsistent. At the evidentiary hearing, Lara-Garcia testified that Garza told him he would receive a sentence of not more than 37 months; his supplemental statement indicates Garza told him he would receive a sentence of 33 months; and his initial § 2255 motion includes an assertion that Garza told him he might possibly receive a sentence of no jail time at all. The Court does not find Lara-Garcia to be at all credible on this point, and instead credits Garza's denials under oath of any such estimates or promises.

In order to be entitled to relief on this claim, Lara-Garcia would have to establish both deficiency on the part of his counsel and prejudice under Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). Lara-Garcia has failed to establish the deficiency prong of this claim because the Court finds no credible evidence to support his allegation that Garza estimated or promised him any of the sentences as Lara-Garcia alleges.

This claim fails, too. Lara-Garcia's § 2255 motion is therefore DENIED in its entirety.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Lara-Garcia has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial

5

showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Lara-Garcia is not entitled to a COA as to his claims. That is, reasonable jurists could not debate the Court's resolution of his claim that counsel allegedly promised or predicted a lesser sentence, nor could they debate the Court's denial of his claim that counsel was directed to appeal and failed to do so.

## IV.  CONCLUSION

For the foregoing reasons, Lara-Garcia's motion pursuant to 28 U.S.C. § 2255 (D.E. 27) is DENIED.  Lara-Garcia is also denied a Certificate of Appealability.

It is so ORDERED this 16th day of April, 2009.

_____
Janis Graham Jack
United States District Judge